## IVEY BROTHERS *v.* MAYOR & COUNCIL OF MACON.

Where a city lot is, or becomes, a public nuisance, not because of anything done by the municipal authorities, but in consequence of overflows of surface-water resulting from rains, and the city, for the sole purpose of abating this nuisance and preventing its recurrence, either itself lays, or requires or permits the lot-owner under its supervision to lay, a drain-pipe in and across an adjacent street, and thereafter, in constructing a sewer constituting a part of a system of public sewerage essential to the health and welfare of the city, destroys this drain-pipe, so that water again accumulates upon the lot as it had previously done, a tenant of such owner can not maintain against the city an action for damages thus occasioned to a business he is conducting upon such lot or to his property thereon.

Argued June 17, 18, — Decided August 4, 1897.

Action for damages. Before Judge Ross. City court of Macon. September term, 1896.

*Estes & Jones*, for plaintiffs.
*Minter Wimberly* and *Ryals & Stone*, for defendant.

LUMPKIN, P. J. The record discloses that T. C. Dempsey owned a lot in the city of Macon, which, because of its situation and without reference to any act of the municipal authorities of that city, was subject to overflows of surface-water resulting from rains, and in consequence became a public nuisance. For the sole purpose of abating this nuisance and preventing its recurrence, a drain-pipe was laid in and across an

adjacent street. It does not appear exactly how this pipe came to be placed under the surface of that street. The work was done either by the municipality upon its own motion, or by Dempsey under its supervision. One thing, however, is clear, viz., that this pipe was laid for no other purpose than to secure the drainage of this lot for the time being. The pipe was not laid in pursuance of any general plan or system of public drainage or sewerage, or under circumstances giving the lot-owner any right to assume that it was intended as a permanent improvement, with reference to which he could use the lot or erect structures thereon under a guarantee, express or implied, that this drain-pipe would be allowed to remain just as it was.

Dempsey rented the property to Ivey Brothers, who conducted thereon the business of buying and selling wood. While they were using the lot for this purpose, the city, in constructing a sewer which constituted a part of a general and public system of sewerage essential to the health and welfare of the people, destroyed this drain-pipe, and as a result, water again accumulated upon the lot as it had previously done, and Ivey Brothers brought an action against the city for damages thus occasioned to their business and to their property used in connection with the same. The writ of error brings to this court for review a judgment of the trial court nonsuiting the plaintiffs.

We shall deal with the case just as if the plaintiffs, as tenants, were entitled to the same rights which Dempsey, their landlord, could have asserted had he himself been conducting the business in which they were engaged. Even in this view of it, we are entirely satisfied that no right to a recovery was shown. The land in its natural state was, at times, from causes over which the city had no control and for the existence of which it was not responsible, a public nuisance. This being so, it was the right of the city to require the owner to abate it. It was under no obligation to do so itself at the public expense. If it chose to do so, without requiring Dempsey to pay the cost, this was a mere matter of favor; if it compelled him to pay the expense of the work, the charge upon him was legitimate.

In a word, the duty of abating this nuisance was on Dempsey, and it was not incumbent on the city to afford him the means of so doing. Therefore, in placing the drain under the street, or in allowing him to do so, for his individual benefit, the city did neither more nor less than grant to him, without receiving any valuable consideration therefor, a license to subject the street to this use. It is well settled, both upon principle and authority, that such a license is revocable. Whatever might be the equitable rights of either the landowner or his tenants in the event the municipal authorities were seeking unnecessarily and capriciously to revoke such license, this certainly is not such a case. On the contrary, it distinctly appears that the removal of the drain-pipe was essential to the erection of a great public work necessary to the good of the entire city. Nor is it a case like those where a municipality, by establishing a permanent grade in the street, invites abutting landowners to shape their premises or erect structures thereon with reference to a status they are thus led to believe was intended to be permanent. If, therefore, Dempsey had himself engaged in the business which his tenants were conducting, he would have done so taking the chances that the city would, whenever necessary to the public interests, revoke the license under which the drain-pipe was laid. In this respect, his tenants can occupy no better position than he, and accordingly, under the facts of this case, neither he nor they could have a right of action against the city. The judgment of nonsuit was right.

*Judgment affirmed. All the Justices concurring.*